*283 JUSTICE LEAPHART,
specially concurring.
¶46 I concur in the result reached by the Court. However, I would reach that result by concluding that the State, although it did not have the benefit of our decision in State v. Matt, 2008 MT 444, 347 Mont. 530, 199 P.3d 244, satisfied the standard articulated in Matt.
¶47 In Matt we held that where there has been a denial of the right to be present, prejudice is presumed. Matt, ¶ 38. “If the violation is not structural, then the State has the burden to rebut the presumption by demonstrating there is no reasonable possibility the violation prejudiced the defendant in light of the interests the right of presence was designed to protect.” Matt, ¶ 38.
¶48 Our decision in Matt was issued on December 30, 2008, after the briefing on appeal had been completed in the present matter. Thus the parties and the District Court did not have the benefit of Matt’s holding that the State has the burden to rebut the presumption of prejudice. Having reviewed the briefs and the record, I conclude the State did, nonetheless, demonstrate that there is no reasonable possibility that Price was prejudiced by his absence from the proceedings at issue.
¶49 Since the State satisfied the Matt burden, I would not, in the context of this case, engage in an analysis of whether Matt correctly imposes a “burden” on the State to rebut the presumption of prejudice (see the discussion in ¶ 32 of the Court’s Opinion).